## Watts v Belskiy

2025 NY Slip Op 32311(U)

June 26, 2025

Supreme Court, Kings County

Docket Number: Index No. 504058/2019

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 26th day of June 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

YONATON WATTS and IKENNA UDEMBA,

Plaintiff,

-against-

ALEKSEY BELSKIY, HAYDEE BATEMAN
and JEAN CARLOS VANDERHORST

Defendants.

**DECISION & ORDER**
Index No.:    504058/2019

Calendar No.: 51

Motion Seq.: 007, 008 & 009

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

MS007    Notice of Motion to Dismiss, Affirmation,
and Exhibits (NYSCEF 94-107) ................................................................1, 2

MS008 & 009
Notice of Cross-Motions to Restore
and in Opposition, Affirmation and Exhibits
in Opposition (MS 008 & 009) (NYSCEF 109-114).......................3., 4, 5, 6

MS007-009
Defendant's Reply Affirmations and in
Opposition to Cross-Motions (NYSCEF 115-116).................................7, 8

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

Defendant Haydee Bateman has moved this Court for an order pursuant CPLR § 3216

dismissing plaintiff Watts' complaint. Watts has cross-moved for an order restoring this case to

the active calendar. The procedural history of this case involves extensive motion practice

germane to this Court's determination of the motions.

## Procedural History

This is an action was commenced by plaintiff Ikenna Udemba to recover damages for personal injuries arising out of a motor vehicle accident on 7/17/2017. The action commenced by plaintiff Yonatan Watts arising out of the same accident was commenced under Index #520020/2019 and consolidated into this action by an order dated 1/6/2020. A compliance conference and final pre-note of issue conference were held on 2/20/2020 and 12/18/2020, respectively, following the consolidation. On 12/18/2020, the Court issued an order extending plaintiffs' time to file the Note of Issue on or before 6/25/2021.

By an order dated 7/23/2021, the motion for summary judgment filed by defendant Belskiy on 2/18/2021 was granted on default. Udemba moved to vacate the default order on 3/24/2022. The motion was denied by an order dated 1/12/2023.

The Court issued a second final pre-note of issue order dated 5/31/2022 directing plaintiffs to file a Note of Issue on or before 11/18/2022 or be subject to sanctions per CPLR § 3126. Defendant acknowledges that plaintiff's Note of Issue filed on 11/14/2022 was rejected by the clerk (*see also* NYSCEF "Comments"). Instead of moving for an order per CPLR § 3126 based on plaintiff's failure to timely re-file the Note of Issue, Bateman moved for summary judgment six months later on 5/19/2023. The motion was denied by an order dated 9/19/2024 and a compliance conference was scheduled for 10/31/2024. Plaintiff did not appear for the compliance conference in the Central Compliance Part and this action was administratively dismissed. This action was discontinued by co-plaintiff Udemba on 4/23/2025.

On 2/5/2025, defendant served this motion to dismiss seeking an order dismissing Watts' complaint based on (1) the failure of plaintiff's attorneys to appear on 10/31/2024 for the compliance conference or, in the alternative, (2) CPLR § 3216 for failure to file the Note of

Issue. Plaintiff has served two cross-motions for an order restoring this action to the active calendar of the Court and scheduling a compliance conference.

## Arguments of Counsel

Defendant argues that based on this procedural history and plaintiff's failure to file a Note of Issue in more than two years since the last final pre-note of issue order, this action should be dismissed per CPLR § 3216 based on the Court order dated 5/31/2022. Further, during the six years this action has been pending, plaintiff never moved for an extension of time to serve the Note of Issue.

In opposition, plaintiff argues that the motion should be denied because (1) defendant's affirmation of good faith is deficient as it did not include as exhibits the emails concerning their "good faith efforts" to draft a consent order, (2) defendant did not serve a 90-Day Notice per CPLR § 3216, and (3) the Court's administrative dismissal on 10/31/2024 did not comply with 22 NYCRR § 202.27. Therefore, the Court must grant plaintiff's cross-motion to restore, as a matter of right, since the dismissal by the Central Compliance Part did not comply with CPLR § 3216 or 22 NYCRR § 202.27. The Court agrees.

Defendant's motion to dismiss is denied and plaintiff's cross-motions are granted in accordance with the following:

## Law and Analysis

"When a plaintiff has failed to file a note of issue by a court-ordered deadline, restoration of the action to the active calendar is automatic, unless either a 90-day notice has been served pursuant to CPLR 3216 or there has been an order directing dismissal of the complaint pursuant to 22 NYCRR 202.27. In the absence of those two circumstances, the court need not consider whether the plaintiff had a reasonable excuse for failing to timely file a note of issue" (*Rosario v*

*Cummins,* 222 AD3d 897, 897 [2d Dept 2023]). It is reversible error to deny a motion to restore and extend the time to file note of issue (*id.* at p.898).

### a) CPLR § 3216. Want of Prosecution

When a party unreasonably neglects to proceed generally in action or otherwise delays its prosecution, or unreasonably fails to file a note of issue, *"the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleadings on terms. Unless the order specifies otherwise, the dismissal is not on the merits."* (CPLR § 3216 [a]). However, before the Court issues an order dismissing the action, "conditions precedents" must be complied with (CPLR § 3216 [a]).

CPLR § 3216 [b] sets forth, in pertinent part, the condition precedents as follows:

> The court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed. Where the written demand is served by the court, the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation. (CPLR § 3216 [b] [3]).

### b) 22 NYCRR § 202.27 Defaults

If a plaintiff fails to appear at any scheduled call of the calendar or any conference, the judge may "on the record and enter an order" dismissing the action (22 NYCRR § 202.27 [b]).

### Analysis

There is no evidence in the record that defendant or the Compliance Conference Part complied with the strictures of CPLR § 3216 and 22 NYCRR § 202.27 [b]. In support of the

motion, defendant has not submitted evidence of a 90-Day Notice served on plaintiff. Defendant also has not submitted a transcript, if any, of the 10/31/2024 conference memorializing a dismissal of this action *"on the record"* and entry of an order. Such an administrative dismissal is an insufficient predicate under 22 NYCRR § 202.27 to dismiss this action for lack of prosecution. (*Rosario v Cummins*, 222 AD3d 898).

The order dated 5/31/2022 directing plaintiff to file a Note of Issue on or before 11/18/2022 or be subject sanctions per CPLR § 3126 is also an insufficient predicate under CPLR § 3216. The 5/31/2022 order cannot be a substitute for the condition precedent of a 90-Day Notice by either the Court or defendant under the plain wording of CPLR § 3216. Defendant's appropriate remedy was to move for an order of dismissal under CPLR § 3126.

It is noted that this action was the subject of extensive motion practice and delays, and compliance with the final pre-note of issue orders were apparently held in abeyance until 10/31/2024 pending the determination of each motion. Otherwise, the action would have been administratively dismissed sooner. Based on this motion practice, defendant's arguments (1) implying that six years is long for this action to be pending and (2) that "plaintiff has failed to follow five separate directives" or serve a motion to extend the time to file the note of issue are without merit. (*see* NYSCEF 115:¶¶5-6).

Therefore, this action is restored to the active calendar of the Court without regard to plaintiff's excuse for failing to appear at the compliance conference on 10/31/2024 (*Rosario v Cummins*, 222 AD3d 898; *Adams v Frankel*, 235 AD3d 816, 817 [2d Dept 2025]; *Rosario v Scudieri*, 229 AD3d 573, 574 [2d Dept 2024]).

The Court has considered the defendant's remaining arguments and finds same to be without merit.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss this action is denied in its entirety

(MS 007), and it is further

ORDERED that plaintiff's motions to restore this action to the active calendar of the

Court is granted, and it is further

ORDERED that the parties shall appear in the Final Conference Part on 7/23/2025 at 9:30

A.M.

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 6/26/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____